

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ALMEIN CAIN,

                Petitioner,

    -against-

VICTOR T. HERBERT, Superintendent, Attica
Correctional Facility,

                Respondent.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 02-CV-3956 (FB) (LB)

*Appearances:*
*For the Petitioner:*
ALMEIN CAIN, *pro se*
97A7420
Attica Correctional Facility
Post Office Box 149
Attica, New York 14011-0149

*For the Respondent:*
JENNIFER FELICE FRIEDMAN, ESQ.
JOHN M. CASTELLANO, ESQ.
Assistant District Attorneys
125-01 Queens Boulevard
Kew Gardens, New York 11415-1568

**BLOCK, District Judge:**

        This case is on remand from the United States Court of Appeals for the Second Circuit. On March 17, 2005, the circuit court vacated this Court's order dismissing as time-barred the *habeas* petition of *pro se* petitioner, Almein Cain ("Cain"). The circuit court held that, for purposes of determining the timeliness of Cain's *habeas* petition, his state-court *coram nobis* petition is to be deemed filed on the date it was delivered to prison authorities for mailing. Thus, this Court must (1) determine that date and (2) decide whether, using that date, Cain's *habeas* petition was timely.

I.

        As the circuit court noted, the date Cain delivered his *coram nobis* petition to prison authorities for mailing was not clear from the existing record; therefore, the Court

directed the parties to submit additional documentation on that issue. In response, the parties submitted:

- The signature page of the *coram nobis* petition, which indicates that Cain's signature was notarized on December 7, 2001.

- A cover letter sent by Cain to the Appellate Division with his *coram nobis* petition. The letter is dated December 10, 2001.

- The form used by Cain to request that the cost of postage for his *coram nobis* petition be deducted from his inmate account. The form is dated December 10, 2001; it also indicates that a prison official approved the request on December 10, 2001.

The first two items establish that Cain could have delivered his *coram nobis* petition to prison authorities for mailing no *earlier* than December 10, 2001; he necessarily had his signature notarized and drafted his cover letter before delivering the petition for mailing. The third item establishes that Cain delivered the petition no *later* than December 10, 2001; by that date, a prison official had actually approved the mailing. Since the earliest possible date and the latest possible date coincide, the Court finds that Cain delivered the petition to prison authorities for mailing on December 10, 2001; in accordance with the circuit court's mandate, Cain's *coram nobis* petition is deemed filed on that date.

II.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a *habeas* petition challenging a state-court judgment of conviction must be filed within one year of the date on which the judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A).[1] A

---

[1] In certain circumstances, the time limit begins to run on a different date. *See* 28 U.S.C. § 2244(d)(1)(B) (date unconstitutional impediment to filing *habeas* petition was removed); *id.* § 2244(d)(1)(C) (date United States Supreme Court recognized new constitutional right and made right applicable to cases on collateral review); *id.*

conviction becomes "final" for purposes of § 2244(d)(1)(A) "when the ninety-day period to seek direct review from the United States Supreme Court by way of certiorari expire[s]." *Valverde v. Stinson*, 224 F.3d 129, 132 (2d Cir. 2000).

"When a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period." *Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998) (applying rule to AEDPA's one-year time limit). Mathematically, the anniversary date – and thus the last day for filing a *habeas* petition – will be the 365th day after the date the conviction becomes final.[2]

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see also Bennett v. Artuz*, 199 F.3d 116, 119 (2d Cir. 1999) ("[Section 2244(d)(2)] toll[s] the limitations period on federal *habeas* petitions while an appellant pursues state-court remedies."), *aff'd*, 531 U.S. 4 (2000). "[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett*, 199 F.3d at 120; *see also Carey v. Saffold*, 536 U.S. 214 (2002) (defining "pending" to include time between lower state court's

---

§ 2244(d)(1)(D) (date factual predicate for *habeas* petition could have been discovered with due diligence). None of those circumstances is present here.

[2]When the one-year period includes a leap day (i.e., February 29), the anniversary date will be the 366th day after the conviction becomes final. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) ("The anniversary date will be the last day to file even when the intervening period includes the extra leap year day."). The one-year period in the present case did not include a leap day.

3

decision and filing of notice of appeal to higher state court).

Cain's conviction became final on September 18, 2000, ninety days after the New York Court of Appeals denied leave to appeal. Under the circuit court's mandate, his *habeas* petition is deemed filed on June 26, 2002. The difference between these two dates is 646 days, well beyond the 365 allowed by § 2244(d)(1)(A).

Under § 2244(d)(2), however, the court must exclude the periods during which any properly filed applications for collateral review were pending in state court. Cain filed two such applications: (1) a motion to vacate his conviction pursuant to New York Criminal Procedure Law § 440.10, and (2) a *coram nobis* petition.

Cain filed his § 440.10 motion before his conviction became final; thus, it was already pending on September 18, 2000, and remained pending until the Appellate Division denied leave to appeal the denial of the motion on February 5, 2001. The motion was therefore pending for 140 days.

As discussed in Part I of this Memorandum and Order, Cain's *coram nobis* petition was filed on December 10, 2001. The Appellate Division denied the petition on April 29, 2002. The petition was therefore pending for 141 days.[3]

Thus, the Court must exclude a total of 281 days from its timeliness calculation. Subtracting these 281 days from the 646 between the date Cain's conviction

---

[3]Although Cain sought leave to appeal the denial of his petition, that did not effect the pendency of the petition; at the time, New York law did not allow an application for leave to appeal the denial of a *coram nobis* petition. *See Hizbullahankhamon v. Walker*, 255 F.3d 65, 71-72 (2d Cir. 2001) (citing *People v. Adams*, 82 N.Y.2d 773 (1993)). Such an application is now authorized. *See Hernandez v. Greiner*, 305 F. Supp. 2d 216, 223 n.9 (E.D.N.Y. 2004) (citing 2002 N.Y. Laws ch. 498 (eff. Nov. 1, 2002)).

4

became final and the date his *habeas* petition was filed leaves 365. In other words, excluding the time when properly filed applications for collateral review were pending in state court, Cain's *habeas* petition was filed on the 365th day after his conviction became final; it is therefore timely.

The respondent calculates that the *habeas* petition was filed on the 366th day, making it one day late. That calculation, however, is based on the assumption that Cain's *coram nobis* petition did not begin tolling the one-year period until the day *after* it was filed. Under *Bennett*, the petition was pending "from the time it [was] first filed," *Bennett*, 199 F.3d at 120; therefore, the filing date is to be included in the tolling period.

### III.

Having concluded that it is timely, the Court hereby reinstates Cain's *habeas* petition.

**SO ORDERED.**

FREDERIC BLOCK
United States District Judge

Brooklyn, New York
October 20, 2005