ORIGINAL
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★　　　　★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x

ALMEIN CAIN,

           Petitioner,

-against-

**MEMORANDUM AND ORDER**
Case No. 02-CV-3956 (FB)

VICTOR T. HERBERT, Superintendent,
Attica Correctional Facility,

           Respondent.
----------------------------------------------------------x

*Appearances:*
*For the Petitioner:*
ALMEIN CAIN, *pro se*
97-A-7420
Attica Correctional Facility
P.O. Box 149
Attica, NY 14011-0149

*For the Respondent:*
RICHARD A. BROWN, ESQ.
District Attorney, Queens County
By: JOHN M. CASTELLANO, ESQ.
Assistant District Attorney
125-01 Queens Boulevard
Kew Gardens, NY 11415

**BLOCK, Senior District Judge:**

      Petitioner Almein Cain ("Cain"), proceeding *pro se*, filed a petition for *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging his 1997 conviction in New York Supreme Court, Queens County, on the grounds that: (1) his arrest was based on the coerced statement of a co-defendant and that a photograph and lineup identification were the fruits of this illegal arrest; (2) he was denied effective assistance of appellate counsel; and (3) he was denied due process because the lineup was unduly suggestive. For the reasons stated below, the petition is denied.

1

## I.

There is no dispute as to the relevant facts: The Court accepts the factual and procedural history as set forth in the respondent's affidavit in opposition and memorandum of law. *See* Aff. in Opp'n to Pet., at 2-10; Mem. of Law, at 14-23.

Particularly relevant is the joint suppression hearing conducted on the motions of Cain and his co-defendants Amaury Rosario ("Rosario") and Sean Estrella ("Estrella"). At issue, *inter alia*, were Rosario's allegedly coerced statement to the police implicating Cain and Estrella in the crime and the allegedly suggestive photograph and lineup procedures used to obtain a witness's identification of Cain. The state court denied the suppression motions. *See People v. Rosario et al.*, Ind. No. 5644/95 (N.Y. Sup. Ct. Mar. 31, 1997). On direct appeal, Cain unsuccessfully challenged the denial on the grounds that the lineup was unduly suggestive. *See People v. Cain*, 708 N.Y.S.2d 413 (2d Dep't 2000). He subsequently sought *coram nobis* relief claiming that appellate counsel's failure to challenge Rosario's allegedly coerced statement on appeal constituted ineffective assistance; the Appellate Division denied this claim on the merits. *See People v. Cain*, 741 N.Y.S.2d 453 (2d Dep't 2002).

## II.

### A. Fourth and Fifth Amendment Claims

In *Stone v. Powell*, 428 U.S. 465 (1976), the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that

evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494. The Second Circuit has identified two circumstances in which *habeas* review would be appropriate under *Stone*: (1) "if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations;" or (2) "if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992) (citing *Gates v. Henderson*, 568 F.2d 830 (2d Cir. 1977) (en banc), *cert. denied*, 434 U.S. 1038 (1978)).

The state record reflects that the trial court conducted a lengthy joint suppression hearing at which Cain had an opportunity to cross-examine the State's witnesses, call his own witnesses, and submit a memorandum of law in support of suppression. Since Cain had a full and fair opportunity to litigate his Fourth Amendment claims at that hearing and on direct appeal – and he cannot show an unconscionable breakdown in the process – *habeas* review of those claims is barred. *See Stone*, 428 U.S. at 494; *Capellan*, 975 F.2d at 70.

In the alternative, Cain's claim may arguably be interpreted as an argument that the identifications should have been suppressed as products of a violation of his co-defendant's Fifth Amendment right against self-incrimination. The Supreme Court has held that the right against self-incrimination is a personal right that may be asserted only by the person who holds it. *See Couch v. United States*, 409 U.S. 322, 328 (1973) ("[T]he Fifth Amendment privilege is a personal privilege: it adheres basically to the person, not to

information that may incriminate him.").

Even if Cain could assert his co-defendant's Fifth Amendment claim, that claim has already been rejected by the state court. *See Rosario*, Ind. No. 5644/95, at 7 ("[Rosario's] statement was the product of a knowing, voluntary and intelligent waiver of his Fifth and Fourteenth Amendment rights."). The state court's findings of fact supporting the judgment – namely, its assessment of witness credibility at the suppression hearing, *see id.* at 2-7 – are entitled to a presumption of correctness. *See* 28 U.S.C. § 2254(e)(1); *see also Persad v. Greiner*, 337 F.3d 175, 181 (2d Cir. 2003) ("This presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."). Cain has failed to rebut this presumption by clear and convincing evidence, and he has not shown why an evidentiary hearing on the matter is necessary. *See* 28 U.S.C. §§ 2254(e)(1), 2254(e)(2).

## B. Ineffective Assistance of Appellate Counsel

Since the Appellate Division denied, on the merits, Cain's claim that appellate counsel rendered ineffective assistance in failing to challenge Rosario's allegedly coerced statement, *see Cain*, 741 N.Y.S.2d at 453, *habeas* relief cannot be granted unless that adjudication is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

The Court analyzes Cain's claim under *Strickland v. Washington*, 466 U.S. 668 (1984): In order to prevail, a defendant must show that counsel's representation "fell below

an objective standard of reasonableness" based on "prevailing professional norms," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. Upon careful review of the state court record, the Court concludes that there was no basis to assert Cain's coercion claim on direct appeal – particularly in light of the state court's credibility findings after the suppression hearing – and therefore appellate counsel's representation did not "[fall] below an objective standard of reasonableness." *See id.* at 688.

## C. Unduly Suggestive Lineup

"The Due Process Clause of the Fifth and Fourteenth Amendments forbids a lineup that is unnecessarily suggestive and conducive to irreparable mistaken identification." *Kirby v. Illinois*, 406 U.S. 682, 691 (1972). The state court's reasons for concluding that the lineup was not suggestive, *see Rosario*, Ind. No. 5644/95, were not contrary to, nor did they involve an unreasonable application of, this Supreme Court standard; accordingly, the state court's adjudication cannot be disturbed on *habeas* review. *See* 28 U.S.C. § 2254(d).

## CONCLUSION

The petition is denied. A certificate of appealability will not issue because Cain has failed to make a substantial showing of the denial of a federal right. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

FREDERIC BLOCK
United States Senior District Judge

Dated: Brooklyn, New York
December 15, 2006